IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VICTOR WILLIAM HARGRAVE,      )
                              )
            Petitioner,       )
                              )    1:12CV989
      v.                      )    4:95CR186-1
                              )
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )

ORDER AND RECOMMENDATION OF DISMISSAL WITHOUT PREJUDICE
TO PETITIONER FILING A NEW MOTION

Petitioner, a federal prisoner, has filed a Motion [Doc. #177] pursuant to 28 U.S.C. § 1651(a), in the form of a petition for a "writ of coram nobis." Section 1651 provides that the Court may "issue all writs necessary or appropriate" in aid of their respective jurisdictions and "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A writ of error coram nobis may be "used to attack a judgment that was infirm at the time it issued, for reasons that later came to light." United States v. Sessoms, 488 F. App'x 737 (4th Cir. 2012) (quoting United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002)). However, federal courts may only grant a writ of error coram nobis pursuant to § 1651 to vacate a conviction where there is a fundamental error resulting in conviction and no other means of relief is available. See United States v. Morgan, 346 U.S. 502 (1954); see also Bereano v. United States, 706 F.3d 568, 576 (4th Cir. 2013). Individuals who are still in custody have alternative means of relief, including habeas corpus or motions under 28 U.S.C. § 2255, and therefore the writ of error coram nobis is limited "to those petitioners who are

no longer in custody pursuant to their convictions." United States v. Sessoms, 488 F. App'x 737; In re Evans, 478 F. App'x 760 (4th Cir. 2012) ("Remedy under the writ is limited to those petitioners who are no longer in custody pursuant to their convictions. . . . [T]he remedy will not lie when an alternative remedy, such as habeas corpus, is available."); see also United States v. Mandel, 862 F.2d 1067 (4th Cir. 1988) (recognizing possibility of relief where fundamental error occurred and a defendant has already served his sentence and was no longer in custody).

Moreover, the Fourth Circuit has likewise noted that a "writ of audita querela [as an alternative writ pursuant to 28 U.S.C. § 1651][1] is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C.A. § 2255." United States v. Sessoms, 488 F. App'x 737. Significantly, the fact "that a petitioner may not proceed under § 2255 [with a 'second or successive' motion] unless he obtains authorization from [the Court of Appeals] does not alter this conclusion." Id. Thus, § 1651 is not a substitute, supplement, or additional avenue for further collateral attack on a conviction for an individual in custody, even after a petitioner's prior motion under § 2255 has been denied.

In the present case, Petitioner is still in custody and has other avenues of relief available, and therefore his request for relief pursuant to 28 U.S.C. § 1651 should be denied.

---

[1] The writ of audita querela "is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." United States v. Sessoms, 488 F. App'x 737 (2012)(quoting United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002)).

Moreover, to the extent Petitioner's Motion could be construed as an attempt to file a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Petitioner must obtain authorization from the Court of Appeals, since Court records reveal that Petitioner filed a previous § 2255 Motion [Doc. #91]. See 28 U.S.C. § 2255; 28 U.S.C. § 2244; AO 243 (MDNC 3/97), Instructions, ¶ (4). To the extent that Petitioner seeks to rely on newly-discovered evidence, Petitioner may raise those matters in his request for authorization. See 28 U.S.C. § 2255(h) (requiring that a second or successive motion be certified by the Court of Appeals to contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or a new rule of constitution law, made retroactive to cases on collateral review by the Supreme Court"). Therefore, to the extent Petitioner's Motion could be construed as a Motion under § 2255, the Motion should be dismissed, but without prejudice to Petitioner filing a new motion, if and when he receives authorization from the Fourth Circuit.

IT IS THEREFORE RECOMMENDED that to the extent Petitioner seeks to proceed under 28 U.S.C. § 1651, that the Motion be DENIED.

IT IS FURTHER RECOMMENDED that to the extent Petitioner's Motion could be construed as a Motion under 28 U.S.C. § 2255, that the motion be dismissed *sua sponte* without prejudice to Petitioner filing a Motion for Authorization in the Court of Appeals as required by 28 U.S.C. § 2244 and Fourth Circuit Local Rule 22(d).

IT IS ORDERED the Clerk shall send Petitioner an instruction form for filing § 2255 petitions in this Court and Motions for Authorization in the Court of Appeals, an application to proceed *in forma pauperis*, and four copies of § 2255 petition forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255 petition which can be filed in this Court if Petitioner obtains approval from the Fourth Circuit.

This, the 28th day of May, 2013.

                                                         /s/ Joi Elizabeth Peake
                                                           United States Magistrate Judge